## Driscoll v. Waite, Jr.

*Practice, C. P.—Affidavit of defence—Sufficiency—Lost dog—Title of finder—Lien for expense.*

1. In a suit of replevin to recover possession of a dog alleged to have been lost by plaintiff, an affidavit of defence averring that defendant purchased the dog without knowledge of plaintiff's title and claiming a lien for the expense of preserving the life and health of the dog and for its support, is not sufficient to prevent judgment for plaintiff.

2. The fact that defendant voluntarily paid money to veterinarians and incurred expense while in possession of a dog he did not own, and as to which he could not obtain a valid lien, does not authorize him to retain possession against the rightful owner.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1924, No. 6083.

*T. M. J. Regan,* for plaintiff; *F. C. Menamin,* for defendant.

PER CURIAM, March 26, 1925.—The statement of claim avers that on Oct. 15, 1924, plaintiff lost a dog that he purchased on July 3, 1921, and raised from a pup; that on Dec. 16, 1924, he discovered the dog in the possession of defendant, who refused to return it to plaintiff; whereupon plaintiff instituted this suit in replevin.

An affidavit of defence was filed, in which defendant denied the title of plaintiff generally, and alleged that defendant purchased the dog from Dr. Samuel Corn, but failed to state the date of the purchase or to aver that Dr. Corn owned the dog. It is averred in the affidavit that defendant did not unconditionally refuse to return the dog to plaintiff, but that he claims to have a lien on the dog for preserving its life and health and for its support, averring that he purchased the dog without knowledge of plaintiff's ownership from a veterinarian who saved its life by rendering necessary medical service at the request of a person not named, but claiming to own the dog, and who took it to the veterinarian in a condition which would have resulted in the dog's early death had not the veterinarian administered anti-toxin. treatment, and boarded the dog until it was nearly well; his bill for medical services, amounting to $45.50, defendant paid, with an additional sum of $14.50, and took possession of the dog that was still sick, and defendant administered medicine to the dog to the extent of $1.50, paid two veterinarians $2 and $11 for medical treatment necessary to preserve the life and health of the dog; and ascertaining that the dog was accustomed to meat diet and refused other food, defendant was required to feed the dog with meat at a cost of 50 cents per day, amounting to a total sum for the period from the date when defendant took possession of the dog, Oct. 2, 1924, until the institution of this. replevin suit, Dec. 30, 1924, of $33.50. In the affidavit defendant claims a lien on the dog and demands a conditional verdict of $107.50, with interest.

It is not alleged in the affidavit of defence that the "person claiming to be the owner," who took the dog to the veterinarian, had any title or that he had not stolen the dog. There was no offer of reward published by plaintiff. The title of the veterinarian rose no higher than that of the person from whom he received the dog. Unless that person had the right to incur indebtedness on account of the dog, he could not vest in the veterinarian the right to acquire a valid lien.

The fact that defendant voluntarily paid money to veterinarians and incurred expenses while in possession of a dog he did not own, and as to

Driscoll v. Waite, Jr.

which he could not obtain a valid lien, does not authorize him to retain possession of the dog against the rightful owner.

There is no averment in the pleading that the dog was stolen, but "treating the defendant as the finder of lost property, it is well settled that he had no lien for expenses gratuitously incurred in taking care of it:" Sergeant, J., in Etter v. Edwards, 4 Watts, 63-66.

Cases sustaining the right to seize and impound stray animals, damage feasant, have no bearing on the present case. The right to seize animals when trespassing exists not only at common law, but is declared by the Statute of April 13, 1807, 4 Sm. Laws, 472; Young v. Couche, 52 Pa. Superior Ct. 592-595.

The affidavit fails to disclose that defendant's possession is lawful or that he has a legal lien upon the dog.

Rule absolute.